



NEW YORK    CALIFORNIA    GEORGIA    PENNSYLVANIA

NEW YORK     CALIFORNIA     GEORGIA     PENNSYLVANIA

**Innessa M. Huot**
ihuot@faruqilaw.com

October 23, 2025

**<u>VIA ECF</u>**

The Honorable Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     <u>Letter of Relation and Request to Reassign:</u>

              *Ruderman v. Law Office of Yuriy Prakhin, P.C., et al.*,
              No. 19-cv-02987-CBA-RLM

              *Law Office of Yuriy Prakhin, P.C., et al. v. Faruqi & Faruqi, LLP, et al.*,
              No. 1:25-cv-05911-OEM-SDE

Dear Judge Merchant:

      I was counsel for plaintiff Yelena Ruderman in a lengthy litigation entitled *Ruderman v. Law Office of Yuriy Prakhin, et al.*, No. 1:19-cv-02987-CBA-LB (E.D.N.Y. May 20, 2019) ("Ruderman Case"), which culminated in a two-week jury trial before the Honorable Carol Bagley Amon that resulted in a jury verdict in favor of plaintiff Ms. Ruderman ("Ruderman Trial"). ECF No. 220.[1] The case involved claims that defendants Yuriy Prakhin and the Law Office of Yuriy Prakhin P.C. (together referred to as "Prakhin") discriminated against Ms. Ruderman and terminated her when he learned about her disability (her vision loss), in violation of, *inter alia,* the Americans with Disabilities Act ("ADA").

      During the trial, Prakhin argued that Ms. Ruderman and her attorneys engaged in fraud and various improprieties regarding discovery. Judge Amon considered Prakhin's arguments and rejected them all. After the trial, Prakhin filed five (5) post-trial motions, specifically arguing for relief "due to fraud, misrepresentation, or misconduct" by Ms. Ruderman and her attorneys. Judge Amon again considered Prakhin's arguments and in a 41-page decision, again rejected them. ECF No. 281.

      Thereafter, Prakhin filed another post-trial motion, again arguing for relief due to alleged "fraud, misrepresentation, or misconduct by an opposing party" and "surprise" based on "newly discovered evidence[.]" ECF Nos. 275-276. Judge Amon again considered Prakhin's new motion

---

[1] All ECF citations relate to the Ruderman Case.

685 Third Avenue New York, NY 10017 Phone: 212.983.9330 Fax: 212.983.9331 EmployeeRightsCounsel.com FaruqiLaw.com

685 Third Avenue   New York, NY 10017   Phone: 212.983.9330   Fax: 212.983.9331   EmployeeRightsCounsel.com   FaruqiLaw.com

and struck the motion in its entirety, stating that Prakhin "does not raise anything approaching a fraud so injurious as to 'defile the court itself.' In substance, the motion is largely a meandering recitation of previously made arguments." Text Order dated March 22, 2024 (internal citation omitted).

Prakhin then appealed Judge Amon's post-trial motion decisions, again raising the same fraud, misrepresentation, and misconduct arguments. ECF No. 285. However, in November and December 2024, Prakhin voluntarily withdrew their appeal and instead entered into a settlement to resolve all claims arising from the Ruderman Case. ECF Nos. 306-308.

Now, almost a year later, Prakhin commenced a new lawsuit entitled *Law Office of Yuriy Prakhin, P.C., et al. v. Faruqi & Faruqi, LLP, et al.*, No. 1:25-cv-05911-OEM-SDE ("Prakhin Case") alleging again that Ms. Ruderman's attorneys engaged in "deception" and perpetrated a "fraud" on the Court in the very same trial Judge Amon presided over. All of the allegations raised in the Prakhin Case were already raised, considered, and specifically rejected in their entirety by Judge Amon in the Ruderman Case, the Ruderman Trial, and the numerous post-trial motions decided by Judge Amon. Prakhin refuses to accept the repeated decisions made by this Court and by Judge Amon.

Prakhin initially filed his new lawsuit in State Court. The Prakhin Case was then removed to the Eastern District of New York and assigned to Your Honor.

Defendants in the Prakhin Case, including undersigned counsel here, respectfully request that the Prakhin Case be reassigned to Judge Amon as the claims all relate specifically to conduct that occurred at the Ruderman Trial that Judge Amon presided over, and the determinations Judge Amon made with respect to Prakhin's numerous post-trial motions.

Reassignment under such circumstances is legally supported as Judge Amon has "inherent power" and exclusive jurisdiction to assess whether she was actually defrauded and whether "offending parties have practiced a fraud upon the court." *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991); *Ceglia v. Zuckerberg*, No. 10–CV–00569A(F), 2013 WL 1208558, at *9 (W.D.N.Y. Mar. 26, 2013) (A judge has "inherent power" to protect themselves "from a disposition based on fraud").

In fact, Prakhin's allegations that Judge Amon had been defrauded **_must_** be heard specifically by Judge Amon. *See Edwards v. Barclays Servs. Corp.*, No. 19 Civ. 9326 (GBD) (GWG), 2020 WL 2087749, at *4 (S.D.N.Y. May 1, 2020) ("[A]n allegation that there has been 'fraud on the court' **_must_** be brought before the court that rendered judgment") (emphasis added), *report and recommendation adopted*, 2020 WL 3446870 (S.D.N.Y. June 24, 2020); *see also Delaney v. HC2, Inc.*, 761 F. Supp 3d 641, 669 (S.D.N.Y. 2025) ("It is for the Court in which the misconduct occurs to decide the proper sanction within the limits set out by federal law.").



The Honorable Orelia E. Merchant
October 23, 2025
Page 3

    Finally, Prakhin's Case raises claims that Judge Amon misapplied the law, made "errors of law", and that Judge Amon's decisions were "factually flawed", and supposedly contradicted by witness testimony that took place at the Ruderman Trial that Judge Amon presided over. Prakhin Case Complaint ¶¶ 193-98.  Indeed, Prakhin argues that Judge Amon did not properly analyze legal arguments regarding elements of establishing disability discrimination under the ADA. *Id.*  To be sure, Prakhin withdrew his appeal in the Ruderman Case regarding all of these claims and arguments.  The evaluation of whether Judge Amon appropriately considered evidence and applied the correct legal standards at the Ruderman Trial and in the numerous post-trial motions – has already been decided by Judge Amon – and, absent appeal, should not be reviewed by another court.

    As such, Defendants in the Prakhin Case respectfully request that the Prakhin Case be reassigned to Judge Amon as it is related and completely arises out of events that transpired before Judge Amon at the Ruderman Trial, and the decisions made by Judge Amon in the post-trial motions.

    We thank the Court for its time and attention to this matter.

Respectfully submitted,

Innessa M. Huot

cc:    Counsel of Record (*via* ECF)

685 Third Avenue  New York, NY 10017  Phone: 212.983.9330  Fax: 212.983.9331  EmployeeRightsCounsel.com  FaruqiLaw.com