# ANDREW LAVOOTT BLUESTONE

Attorney At Law
**53 Hill Street**
**Southampton, New York 11968**
**www.blog.bluestonelawfirm.com**

---

alb @ bluestonelawfirm.com
**Telephone (212) 791-5600**

November 6, 2025

Hon. Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                              Re:  *Prakhin, et al v. Faruqi & Faruqi, LLP et al*
                              Case No. 25-cv-5911

Dear Judge Amon,

      I am of counsel to Prakhin P.C., and will be the attorney seeking Remand pursuant to 28 U.S.C. § 1447(c) on their behalf.  I am not a member or associate of the firm, but am of counsel to the firm in a limited representation regarding this motion.  I am admitted to practice in this District.

      I write, pursuant to your rule 3(A), seeking to arrange a pre-motion conference on a motion to Remand to state court pursuant to 28 U.S.C. § 1447(c).  This matter was removed by Defendants on October 22, 2025, pursuant to 28 U.S.C. § 1441(a).  Subject matter jurisdiction is said to be based upon 28 U.S.C. § 1331.  No jurisdictional claim of diversity of citizenship is made by defendants.

      The motion will argue that there is no "federal question" explicit or implicit in this pleading, which consists of a sole claim of violation of New York Judiciary Law § 487.

      Briefly put, federal question jurisdiction does not lie because Defendants cannot show that the claim presents substantial federal issues as required by *Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed. 2d 72 (2013).

      A complaint with the single claim of violation of New York Judiciary Law fails to satisfy subject matter jurisdiction standards unless the embedded federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. at 258; *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. at 314.

None of the factors here support the exercise of federal jurisdiction. *Link Motion, Inc. v. DLA Piper LLP, US,* 103 F. 4th 905, 912 (2d Cir. 2024)

No federal law question is "necessarily raised" in a state law attorney deceit claim.

No federal issue is "actually disputed" in a state law attorney deceit claim.

The claim is not "substantial" within the meaning of federal question subject matter jurisdiction as set forth in *Link Motion, Inc.* at 913.

Removal of this state law attorney deceit claim upsets the Federal – State court balance enunciated in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 547 U.S. 677, 683, 701, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006); *see New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 316 (2d Cir. 2016).

Plaintiff's motion to remand will be based upon these and several additional points.

Thank you for your consideration of this pre-motion letter under your Rule 3(A).

_____
Andrew Lavoott Bluestone