# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAW OFFICE OF YURIY PRAKHIN, P.C., and Yury Prakhin, Esq.<br><br>Plaintiffs,<br><br>v.<br><br>FARUQI & FARUQI, LLP, Innessa Melamed Huot, Camilo M. Burr, Alex Hartzband, TILTON BELDNER LLP, and Joshua Beldner,<br><br>Defendants. | Case No. 25-cv-5911<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Faruqi & Faruqi, LLP, Innessa Melamed Huot, and Alex Hartzband ("Defendants") hereby removes the civil action entitled *Law Office of Yuriy Prakhin, P.C. and Yury Prakhin, Esq. v. Faruqi & Faruqi, LLP, Innessa Melamed Huot, Camilo M. Burr, Alex Hartzband, Tilton Beldner LLP, and Joshua Beldner*, Index No. 152459/2025 (the "Removed Case"), from the Supreme Court of the State of New York for the County of Richmond to the United States District Court for the Eastern District of New York. Grounds for removal are as follows:

## Introduction

1.  Plaintiffs Yuriy Prakhin, P.C. and Yury Prakhin, Esq. ("Plaintiffs") are well known to this Court. They were defendants in a lengthy litigation entitled *Ruderman v. Law Office of Yuriy Prakhin, et al.*, No. 1:19-cv-02987-CBA-LB (E.D.N.Y. May 20, 2019) ("Federal Case"), which culminated in a two-week trial before the Honorable Carol Bagley Amon that resulted in a jury verdict in favor of plaintiff Yelena Ruderman (referred to as the "Federal Trial"). ECF No. 220.[1] The Federal Case involved allegations that that Plaintiffs unlawfully discriminated against

---

[1] All ECF citations relate to the Federal Case.

their former employee (Ms. Ruderman), in violation of, *inter alia*, the Americans with Disabilities Act ("ADA").

2. During the Federal Trial, Plaintiffs argued that Ms. Ruderman and her attorneys (Defendants in this case) engaged in fraud and various improprieties regarding discovery in the Federal Case. Judge Amon considered Plaintiffs' arguments and rejected them all.

3. After the Federal Trial, Plaintiffs filed five (5) post-trial motions, specifically arguing for relief "due to fraud, misrepresentation, or misconduct" by Ms. Ruderman and Defendants. Judge Amon again considered Plaintiffs' arguments and in a detailed 41-page decision, again rejected them. ECF No. 281.

4. Thereafter, Plaintiffs filed another post-trial motion, again arguing for relief due to alleged "fraud, misrepresentation, or misconduct by an opposing party" and "surprise" based on "newly discovered evidence[.]" ECF Nos. 275-276. Judge Amon again considered Plaintiffs' new motion and struck the motion in its entirety, stating that Plaintiffs "do[] not raise anything approaching a fraud so injurious as to 'defile the court itself.' In substance, the motion is largely a meandering recitation of previously made arguments." Text Order dated March 22, 2024 (internal citation omitted).

5. Plaintiffs then appealed Judge Amon's post-trial motion decisions, again raising the same fraud, misrepresentation, and misconduct arguments. ECF No. 285. However, in November and December 2024, Plaintiffs voluntarily withdrew their appeal and instead voluntarily entered into a settlement to resolve all claims arising from the Federal Case. ECF Nos. 306-308.

6. Now, almost a year later, Plaintiffs commence a new lawsuit, the Removed Case, purporting to assert a claim against the attorneys who successfully represented Ms. Ruderman in the underlying Federal Case, alleging again that Defendants engaged in "deception" and

perpetrated a "fraud" on the U.S. District Judge Carol Bagley Amon and the U.S. District Court for the Eastern District of New York ("EDNY") in the Federal Trial. These allegations were already raised, considered, and rejected in their entirety by this federal Court, and specifically by Judge Amon, during and after the Federal Trial.

7. Plaintiffs' new lawsuit refuses to accept the repeated decisions of this Court and Judge Amon. Plaintiffs' new lawsuit is subject to immediate dismissal on many grounds such as res judicata, collateral estoppel, and failure to state a claim, among other grounds. Additionally, Defendants will ask the Court for additional relief to halt Plaintiffs' continued abuse of the judicial process.

8. It is entirely unsurprising that Plaintiffs filed their new lawsuit in state court as they do not want Judge Amon and EDNY to continue exercising jurisdiction over these issues and disputes that the Court has already ruled on, repeatedly, over the last several years.

**Grounds for Removal**

9. This Court has multiple independent bases for jurisdiction over this case.

10. First, Plaintiffs claim that Defendants perpetrated a fraud on the federal court by deceiving a U.S. Chief District Judge (Judge Amon), as well as a U.S. Magistrate Judge (Judge Roanne L. Mann) during the course of a Federal Trial, presided over by Judge Amon. Because claims of fraud on the United States arise under and are governed by federal common law, this Court has federal question jurisdiction over this case. *See Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. 10–12043–GAO, 2012 WL 1065578, at *30 (D. Mass. Mar. 27, 2012) (claims for fraud on federal court are "governed by federal common law" thereby raising federal question jurisdiction); *see also*, *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1151 (9th Cir. 2017) ("Questions of federal common law present a federal question that can serve as the basis of federal

3

subject matter jurisdiction pursuant to 28 U.S.C. § 1331."); *Nordlicht v. N.Y. Tel. Co.*, 617 F. Supp. 220, 223 (S.D.N.Y. 1985) (holding that because federal common law governed, "federal jurisdiction exists, and whatever claims plaintiff is raising are governed by federal, not state, common law"), *aff'd*, 799 F.2d 859 (2d Cir. 1986).

11. Second, this Court has inherent jurisdiction to determine whether it was in fact defrauded. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) (federal courts' "inherent power" is implicated when "offending parties have practiced a fraud upon the court") (internal quotation marks omitted); *Ceglia v. Zuckerberg*, No. 10–CV–00569A(F), 2013 WL 1208558, at *9 (W.D.N.Y. Mar. 26, 2013) (Magistrate Judge invoking the "court's inherent power to protect itself from a disposition based on fraud[.]").

12. Indeed, the federal court's jurisdiction to make this determination is exclusive, as it would be an egregious affront to the constitutional structure for a state court judge to conduct proceedings and re-examine the decision-making process of a federal judge to determine if the federal judge had been defrauded – particularly where, as here, this Court **_has already made_** those very same determinations numerous times and found that there was no fraud perpetrated on the Court.

13. In fact, Plaintiffs' allegations that this Court has been defrauded **_must_** be heard in **_this Court_**. *See Edwards v. Barclays Servs. Corp.*, No. 19 Civ. 9326 (GBD) (GWG), 2020 WL 2087749, at *4 (S.D.N.Y. May 1, 2020) ("[A]n allegation that there has been 'fraud on the court' **_must_** be brought before the court that rendered judgment") (emphasis added), *report and recommendation adopted*, 2020 WL 3446870 (S.D.N.Y. June 24, 2020); *see also Delaney v. HC2, Inc.*, 761 F. Supp 3d 641, 669 (S.D.N.Y. 2025) ("It is for the Court in which the misconduct occurs to decide the proper sanction within the limits set out by federal law.").

4

14. Plaintiffs' Removed Case flies in the face of what this Court has already determined. To be sure, this Court has ***already*** determined that it was not defrauded by Defendants. It would make no sense and would be contrary to basic principles of comity and federalism, for a state court to upend a federal court's prior determination regarding whether that Court had been defrauded. *See Edwards*, 2020 WL 2087749, at *3 ("Whether or not a prior federal court judgment has preclusive effect in a subsequent action is a question of federal common law.") (quoting *NML Cap., Ltd. v. Banco Cent. de la Republica Argentina*, 652 F.3d 172, 184 (2nd Cir. 2011).

15. Additionally, this Court has jurisdiction over the Removed Case because Plaintiffs' only claim under Judiciary Law Section 487 is subject to field preemption and conflict preemption by federal procedural laws and federal common law. *Bishop*, 863 F.3d at 1152 (alleged violations of federal common law raises a "federal question that provides federal courts with subject matter jurisdiction pursuant to 28 U.S.C. § 1331."). While Plaintiffs' allegations of "deceit" and "fraud" are pled as a violation of Judiciary Law Section 487, the allegations all relate to Defendants' prior conduct in this federal Court, at a Federal Trial, which is governed by federal rules, federal evidentiary rulings, and ethical standards applied by a federal judge – Judge Amon.

16. Through Rule 11 of the Federal Rules of Civil Procedure, Section 1927 of the United States Code, and the Federal Court's inherent powers to sanction attorneys, congress and the federal courts have created an intricate system of sanctions law. These federal procedural laws and rules based on federal common law "'regulate an entire field to the exclusion of the state' with respect to the 'conduct of attorney in federal court proceedings.'" *SGM Holdings LLC v. Andrews*, 743 F. Supp. 3d 545, 565 (S.D.N.Y. 2024) (internal quotation marks omitted). The careful balance of the federal and state court system "would be upset by allowing New York sanctions law [such

5

as Section 487] to interfere in the pervasive field of operation" created by these federal rules and law. *Id.* at 567. Indeed, the bases of Plaintiffs' claim in the Removed Case, according to their own pleading, is that throughout the Federal Case and Federal Trial, Defendants purportedly violated Federal Rules 11, 26, 33, 34. *See* Exhibit 1, Removed Case Complaint ¶¶ 179, 183.

17. Congress has "evinced an intent to govern the whole field" of sanctions law regarding attorneys practicing in federal courts. *SGM*, 743 F. Supp. 3d at 567. As such, Plaintiffs' Section 487 claim would be subject to field preemption by federal rules and federal common law – thereby raising an independent federal question basis for jurisdiction. *Nordlicht*, 617 F. Supp. at 222 (The application of federal common "creates federal subject matter jurisdiction.").

18. Moreover, the punitive nature of Plaintiffs' Section 487 claim actually conflicts with the federal scheme which forbids punitive damages in the absence of proof beyond a reasonable doubt. Indeed, the Supreme Court explicitly warned that courts imposing punitive sanctions must "provide procedural guarantees applicable in criminal cases, such as 'beyond a reasonable doubt' standard of proof." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). Section 487 provides no such standard – thereby making it "impossible" to comply with both Section 487 and federal common law. *Id.*, *see also Delaney*, 761 F. Supp. 3d at 664, 667 (Section 487 provides an entirely "different and incompatible" standard and creates a conflict with the "already robust regulatory regime" that governs attorney conduct in federal court). Under the Supremacy Clause of federal law, Section 487 must yield to the federal rules and federal common laws that control the entirety of this field.

19. Finally, the Removed Case Complaint contains specific arguments asserting that Judge Amon misapplied the federal law to the federal causes of action alleged in the Federal Case. The Removed Case Complaint contains legal analysis (including specific references to other

6

federal court cases) regarding the elements of establishing disability discrimination under the federal ADA statute. *See* Exhibit 1, Removed Case Complaint ¶¶ 193-98. The evaluation of whether Judge Amon appropriately considered evidence and applied the correct federal legal standards with respect to the federal claims litigated in the Federal Case – has already been decided by Judge Amon – and also clearly presents a federal question – which is another basis for removal.

20. Accordingly, for all of these reasons, this Court has jurisdiction over the Removed Case, and the Removed Case may be, and hereby is, removed.

## Compliance with Removal Procedures

21. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of New York is the proper place to file this Notice of Removal because it is the district court for the federal district encompassing the place where the Removed Case was filed. Additionally, all the facts underlying Plaintiffs' claims arose in this federal district and before U.S. District Judge Amon who presided over the Federal Trial that took place in this Court.

22. As required by 28 U.S.C. § 1446(a), copies of all documents filed and/or served in the Removed Case are attached to this Notice of Removal at **Exhibit 1**.

23. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Complaint was served on Faruqi & Faruqi, LLP and Innessa Melamed Huot on October 14, 2025 and on Alex Hartzband on October 22, 2025 and this Notice of Removal is being filed well within 30 days of those dates.

24. Upon information and belief, no other defendants were properly joined or served in the Removed Case. Therefore, consent from the other defendants for removal is not required.

25. Pursuant to the provisions of 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal in this Court, Defendants will (i) give written notice thereof to Plaintiffs; and

(ii) file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, County of Richmond, effectuating the removal.

26. By filing this Notice of Removal, Defendants do not waive any claims, arguments, or defenses which may be available to them.

27. Defendants reserve the right to amend or supplement this Notice as may be appropriate.

## Conclusion

28. For the foregoing reasons, the Removed Case is hereby removed to the United States District Court for the Eastern District of New York. Defendants respectfully request that the Court enter such orders and grant such other and further relief as may be necessary to effectuate the removal.

Dated: October 22, 2025

Respectfully submitted,

By: */s/ Innessa M. Huot*
Innessa M. Huot

Innessa M. Huot
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
(212) 983-9330
ihuot@faruqilaw.com

*On Behalf of Defendants Faruqi & Faruqi, LLP, Innessa Melamed Huot, and Alex Hartzband*